UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Elijah Backus, III, | ) | C/A No. 4:13-881-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| | ) | |
| Dt. Russell Cox; The State of South Carolina, | ) | |
| Florence County, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Joseph Elijah Backus, III, ("Plaintiff"), proceeding *pro se*, files this civil rights

action pursuant to 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee at the Florence County Detention

Center in Florence County, South Carolina, and files this action *in forma pauperis* pursuant to 28

U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the undersigned

recommends that the Complaint be summarily dismissed.

## **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made

of Plaintiff's *pro se* Complaint filed in this case.[1]  This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.

1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the
undersigned is authorized to review such complaints and petitions for relief and submit findings and
recommendations to the District Court.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003).  Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

### Discussion

Plaintiff alleges the following:

Due to being interrogated I was promised a deal to drop 7 charges, that I was currently held on.  I wrote up a written agreement (Sworn Affirmation) promising that those 7 charges was going to be dismiss on that current Date willfully knowing that he could not complete the Deal Detective Russell Cox still signed the Affirmation, swearing my charges would be dismissed.  18 months later I am still incarcerated on those same 7 charges, and another 7 charges which I clearly could've been granted my freedom.

2

ECF No. 1 at 3 (all spelling, grammar and punctuation are Plaintiff's).

In terms of relief, Plaintiff requests the following:

> I would like Justice to be Served upon Russell Cox fo Breach of Trust, obtaining Documentation under false pretenses, obtaining goods and services under false pretense, Breach of Contract, and Illegal investigative practices. Due to 18 month of Shock, Duress, mental breakdowns, and cruel and unusual punishment and excessive fines I would like compensation for a total of $250,000 for those Damages.

ECF No. 1 at 5.

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii)[2], as Plaintiff has failed to state a claim for relief under § 1983. To paraphrase, Plaintiff complains that he made a deal with Defendant Cox for his release on the first seven charges filed against him, but that Cox reneged on that agreement. It is not clear, and Plaintiff does not suggest, what constitutional violation this would constitute sufficient to state a claim under

---

[2] 28 U.S.C. § 1915(e)(2)(B)(ii) says the court must dismiss a case if it determines the complaint "fails to state a claim on which relief may be granted."

3

§ 1983. He asks for damages for his continued incarceration, but admits that in addition to the original seven criminal charges Defendant Cox allegedly promised to drop, Plaintiff is also being held on another seven charges. By his own admission, then, he would still be in detention whether or not Defendant Cox had upheld the alleged bargain. Nor has Plaintiff proffered any facts to bolster his bald assertion of "cruel and unusual punishment," "excessive fines," or any other causes of action that fall outside of his allegations of a breach of the bargain. Plaintiff has therefore failed to state a claim upon which relief can be granted.

Additionally, Defendant State of South Carolina enjoys Eleventh Amendment immunity.[3] In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Will*, 491 U.S. at 66 (internal citation omitted).

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. *Will,* 491 U.S. at 70. *See also Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743 (2002); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids

---

[3] Plaintiff has failed to set forth a constitutional claim against the State of South Carolina or Florence County.

4

suits by citizens of other states against a state, Eleventh Amendment bars suits against a state filed by its own citizens). Under *Pennhurst* , a state must expressly consent to suit in a federal district court. *Pennhurst*, 465 U.S. at 98. The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e)(1976)(statute expressly provides that the state of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the state of South Carolina, and does not consent to suit in a federal court or in a court of another state). Dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as Plaintiff's claims are not cognizable in a 42 U .S.C. § 1983 action.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). *Plaintiff's attention is directed to the important notice on the next page*.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 29, 2013
Florence, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).