IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joseph Elijah Backus, III, | ) | Civil Action No.: 4:13-cv-00881-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Dt. Russell Cox; The State of South Carolina, Florence County, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Joseph Elijah Backus, III, a state prisoner proceeding *pro se*, filed this action alleging that the above-captioned Defendants committed breach of trust, obtained documentation under false pretenses, obtained goods and services under false pretenses, breached a contract, and used illegal investigative practices. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's action *without prejudice* for failure to state a claim.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this action in April 2013. Compl., ECF No. 1. He alleges that he and Defendant Russell Cox signed an agreement that seven of his charges would be dismissed. He claims that he subsequently learned that Defendant Cox did not have the authority to make the agreement. Now, he complains that he is still detained on those seven charges (as well as seven

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

others) and seeks damages totaling $250,000.² Compl. 3–5. The Magistrate Judge issued his R&R on April 29, 2013, recommending that the Court dismiss Plaintiff's complaint for failure to state a claim against each of the Defendants. R&R 5, ECF No. 10. Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 12.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

² Because the facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

## DISCUSSION

The Magistrate Judge recommends dismissing Plaintiff's complaint for his failure to state a claim against each of the Defendants. Specifically, the Magistrate Judge construes Plaintiff's claims as claims pursuant to 42 U.S.C. § 1983 and concludes (1) that Plaintiff has failed to state a constitutional claim against each of the Defendants and (2) that his claims against the State of South Carolina are barred by Eleventh Amendment immunity. R&R 3–5. In his objections, Plaintiff rehashes and supplements the allegations that he made in his complaint, adding many new facts that were not alleged before. He notes that his basis for an objection "is that [he] didn't clearly understand what [he] had to say in his pro se complaint." Pl.'s Objs. 1.

The Court may only consider objections to the R&R that direct it to a specific error in the Magistrate Judge's R&R. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *Camby*, 718 F.2d at 199.

First, Plaintiff fails to object specifically to the Magistrate Judge's recommendation that his claims against the State of South Carolina and Florence County should be dismissed. This Court is required to review such a recommendation for clear error, and it finds none. Accordingly, the Court finds the recommendation proper. Second, Plaintiff's objections concern only the dismissal of Defendant Cox. However, rather than explaining how the facts he alleges in his complaint give rise to a cognizable claim, Plaintiff proceeds to assert new facts not raised in the complaint. Plaintiff,

3

however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant Cox. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (noting that it is a district court's duty to review "all *arguments* . . . regardless of whether they were raised before the magistrate" (emphasis added)).

In in his objections, Plaintiff contends that his rights under the Fifth, Eighth, and Fourteenth amendments were violated. Reviewing his allegations of his complaint in light of that argument, the Court still finds no cognizable § 1983 claim. Indeed, the Court's duty to liberally construe Plaintiff's complaint does not require that the Court read too much into it. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of *pro se* complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them."). Plaintiff never alleges in his complaint that he was coerced into confessing to any crime, that he was convicted of any crime as a result of his confession, or that he was punished in anyway. As the Magistrate Judge points out, Plaintiff even alleges in his complaint that there were additional charges that were not part of the alleged agreement—charges which would justify Plaintiff's continued detention. As such, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objections are overruled.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

4

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
October 18, 2013